[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13362
Non-Argument Calendar
_____

D.C. Docket Nos. 2:12-cv-00053-MHT-WC; 2:07-cr-00322-MHT-WC-1

JOHN W. GOFF,

                                                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 13, 2017)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

John Goff, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his total 144-month sentence, which was imposed after a jury convicted him of embezzlement of insurance company funds, making a false material statement to an insurance regulatory agency, and multiple counts of mail fraud. The district court granted a certificate of appealability on two issues: (1) whether Goff lacked effective assistance of counsel; and (2) whether Goff was improperly denied an evidentiary hearing on the § 2255 motion. After review,[1] we affirm the district court.

## I.  DISCUSSION

### A.  *Ineffective Assistance of Counsel*

To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) such failure prejudiced him in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, (1984). Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision that will seldom, if ever, serve as grounds to find counsel constitutionally ineffective. *Conklin v. Schofield*, 366 F.3d 1191, 1204

---

[1]  When reviewing the district court's denial of a motion to vacate, we review legal issues *de novo* and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion. *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).

(11th Cir. 2004).  Even if in retrospect a strategy taken by counsel "appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it."  *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).

The record reflects that counsel's decision not to present advice-of-counsel evidence was a strategic decision, which does not fall below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 687-88, 694; *Conklin*, 366 F.3d at 1204.  Jeremy Walker's memorandum, the pre-trial and trial transcripts, and affidavits by Walker, Milton Davis, and Donald Jones all support the contention the defense team decided not to present the advice-of-counsel defense as a trial strategy because it would do more harm than good.   Counsel was unsure what Jamie Johnston would say on the witness stand, and they thought Thomas Gallion might invoke his Fifth Amendment privilege, which could have reflected poorly on Goff in front of the jury.  The choice not to call either of them as witnesses was not so patently unreasonable that no competent lawyer would have chosen it, and was the epitome of a strategic decision.  *See Adams*, 709 F.2d at 1445; *Conklin*, 366 F.3d at 1204.  Because Goff is unable to meet *Strickland*'s first prong, he is unable to show his counsel was ineffective.

As to conflict of interest, a defendant must demonstrate that an actual conflict existed and that the conflict affected his representation.  *Cuyler v. Sullivan*,

446 U.S. 335, 348-49 (1980). "A mere possibility of conflict does not rise to the level of a Sixth Amendment violation." *Buenoano v. Singletary*, 74 F.3d 1078, 1086 (11th Cir. 1996).

Goff did not establish an actual conflict, only a possible conflict, because trial counsel worked in the same firm as attorney Gallion, who may have had a conflict of interest in protecting himself from criminal prosecution. Even if there had been a conflict, however, Goff did not show the conflict affected his representation, as the affidavits from Goff's trial counsel show the decision not to call advice-of-counsel witnesses was a strategic trial decision, not a decision made to protect the firm or other attorneys. *See Cuyler*, 446 U.S. at 348-49.

## B. *Evidentiary Hearing*

Under 28 U.S.C. § 2255(b), unless the motion, the files, and the records of the case conclusively show the prisoner is entitled to no relief, the court shall grant an evidentiary hearing. 28 U.S.C. § 2255(b). A district court need not hold an evidentiary hearing if the allegations are affirmatively contradicted by the record. *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).

The record, including the attorney affidavits, the pre-trial and trial transcripts, and Walker's memorandum, were sufficient to show that Goff was not entitled to relief on a theory of ineffective assistance of counsel, as discussed above, so a hearing was not warranted. *See* 28 U.S.C. § 2255(b).

## II.  CONCLUSION

The district court did not err in denying Goff's § 2255 motion, or abuse its discretion in denying his motions for an evidentiary hearing.  We affirm.

**AFFIRMED.**